1

2          *E-FILED:  August 27, 2013*

3

4

5

6

7                        NOT FOR CITATION

8           IN THE UNITED STATES DISTRICT COURT

9        FOR THE NORTHERN DISTRICT OF CALIFORNIA

10                      SAN JOSE DIVISION

11  FRANCINE STEVENS,                    No. C13-01974 HRL

12              Plaintiff,               **ORDER (1) GRANTING COUNTY
                                          DEFENDANTS' MOTION TO DISMISS**
13      v.                               **AND (2) DENYING PLAINTIFF'S
                                          MOTION TO STAY**
14  ANTHONY NKWO-OKERE; MARLA
    JOHANNING; JOANNE HUE; ARLEEN
15  ROZUL; RACHEL FIGHTMASTER,
                                         **[Re:  Docket No. 8, 24]**
16              Defendants.

17  _____/

18         Pro se plaintiff Francine Stevens filed this civil rights action arising from ongoing state

19  court child-dependency proceedings involving her children.  Although plaintiff's complaint lists

20  a litany of statutes,[1] the only ostensible basis for her claims as to the named defendants is 42

21  U.S.C. § 1983.  Defendant Anthony Nkwo-Okere is a social worker for the County of Santa

22  Clara (County).  Defendant Marla Johanning is Nkwo-Okere's supervisor.  Defendants Arleen

23  Rozul and Joanne Hue are Deputy County Counsel.

24

25  _____

26         [1]      For instance, Stevens lists various sections of the California and federal
    criminal codes for which there is no private right of action.  Additionally, she lists claims
27  under 28 U.S.C. §§ 1346(b), 2680(a), and 2680(h), all of which concern claims or bases for
    immunity for federal employees.  The complaint also references section 7206 of the United
28  States Internal Revenue Code, which has no relevance whatsoever to plaintiff's allegations.
    Moreover, none of the named defendants is a federal employee.  And, while plaintiff made a
    handwritten notation adding the United States to the caption of her in forma pauperis
    application, there is nothing in the record indicating that the federal government or any
    federal officer or employee had anything to do with the complained-of conduct.

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1    Pursuant to Fed. R. Civ. P. 12(b)(6), these defendants move to dismiss the complaint on

2  the grounds that this lawsuit is barred by the <u>Younger</u>[2] abstention doctrine.  Alternatively, they

3  contend that plaintiff's claims are barred by the <u>Rooker-Feldman</u>[3] doctrine.  Over a week after

4  the August 5 filing deadline, Stevens filed an opposition and motion for an "order of stay."

5  Although Stevens is representing herself, that does not excuse her from making timely filings,

6  and she is warned against future non-compliance with rules that all litigants are obliged to

7  follow.  The court nevertheless has considered all of the papers, including plaintiff's tardy

8  submission, and the arguments presented at oral argument.  For the reasons discussed below,

9  defendants' motion to dismiss is granted.[4]

10                                    LEGAL STANDARD

11    A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests

12  the legal sufficiency of the claims in the complaint.  <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th

13  Cir. 2001).  Dismissal is appropriate where there is no cognizable legal theory or an absence of

14  sufficient facts alleged to support a cognizable legal theory.  <u>Id.</u> (citing <u>Balistreri v. Pacifica

15  Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990)).  In such a motion, all material allegations in

16  the complaint must be taken as true and construed in the light most favorable to the claimant.

17  <u>Id.</u>  However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere

18  conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

19  Moreover, "the court is not required to accept legal conclusions cast in the form of factual

20  allegations if those conclusions cannot reasonably be drawn from the facts alleged."  <u>Clegg v.

21  Cult Awareness Network</u>, 18 F.3d 752, 754-55 (9th Cir. 1994).

22    Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the

23  claim showing that the pleader is entitled to relief."  This means that the "[f]actual allegations

24  must be enough to raise a right to relief above the speculative level."  <u>Bell Atlantic Corp. v.</u>

25

26    [2]    <u>Younger v. Harris</u>, 401 U.S. 37, 91 S. Ct. 746, 27 L.Ed.2d 669 (1971).

27    [3]    <u>Rooker v. Fidelity Trust Co.</u>, 263 U.S. 413 (1923); <u>D.C. Ct. of Appeals v.
      Feldman</u>, 460 U.S. 462 (1983).

28    [4]    All parties have expressly consented that all proceedings in this matter may be
      heard and finally adjudicated by the undersigned.  28 U.S.C. § 636(c); FED. R. CIV. P. 73.

1   Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted)

2   However, only plausible claims for relief will survive a motion to dismiss.  Iqbal, 129 S.Ct. at

3   1950.  A claim is plausible if its factual content permits the court to draw a reasonable inference

4   that the defendant is liable for the alleged misconduct.  Id.  A plaintiff does not have to provide

5   detailed facts, but the pleading must include "more than an unadorned, the-defendant-

6   unlawfully-harmed-me accusation."  Id. at 1949.

7        Documents appended to the complaint or which properly are the subject of judicial

8   notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6)

9   motion.  See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19

10  (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

11                                         DISCUSSION

12       In her opposition papers, Stevens requests that this action be stayed.  She apparently

13  bases that request upon the Federal Tort Claims Act (FTCA), which governs civil actions

14  against the United States for tortious conduct by a federal employee.  As noted above, there is

15  absolutely no basis for application of the FTCA in this action.  Plaintiff's request for a stay is

16  denied.

17       The complaint is not the model of clarity.  It makes no allegations as to Johanning,

18  Rozul, or Hue.  As for Nkwo-Okere, plaintiff claims that he made false allegations against her

19  that interfered with, and created delays in, the process of reunification with her children.  The

20  County defendants contend that the instant lawsuit is barred by the Younger abstention doctrine.

21  This court agrees.[5]

22       "The Supreme Court in *Younger* 'espouse[d] a strong federal policy against

23  federal-court interference with pending state judicial proceedings.'"  H.C. ex rel Gordon v.

24  Koppel, 203 F.3d 610, 613 (9th Cir. 2000) (quoting Middlesex Cnty Ethics Comm. v. Garden

25  _____

26       [5]    Accordingly, the court does not reach defendants' alternate motion to dismiss
     under the Rooker-Feldman doctrine.  In any event, because the underlying state court
27   proceedings are ongoing, the court finds "that principles of abstention rather than *Rooker-
     Feldman*, govern this case."  H.C. ex rel Gordon v. Koppel, 203 F.3d 610, 613 (9th Cir.
28   2000).

United States District Court
For the Northern District of California

3

State Bar Ass'n, 457 U.S. 423, 431, 102 S. Ct. 2515, 73 L.Ed.2d 116 (1982)).  "'Absent

extraordinary circumstances, *Younger* abstention is required if the state proceedings are (1)

ongoing,

(2) implicate important state interests, and (3) provide the plaintiff an adequate opportunity to

litigate federal claims.'"  Id. (quoting San Remo Hotel v. City & Cnty. of San Francisco, 145

F.3d 1095, 1103 (9th Cir. 1998)).  "When the case is one in which the *Younger* doctrine applies,

the case must be dismissed."  Id. (citing Delta Dental Plan of Cal., Inc. v. Mendoza, 139 F.3d

1289, 1294 (9th Cir. 1998)).

All three requirements are satisfied here.  The state proceedings are ongoing.  This court

is told that although the juvenile court proceedings have ended, plaintiff's appeal is pending in

the state courts.

Additionally, important state interests are implicated.  "'Family relations are a

traditional area of state concern.'"  H.C. ex rel Gordon, 203 F.3d at 613 (quoting Moore v. Sims,

442 U.S. 415, 435, 99 S.Ct. 2371, 60 L.Ed.2d 994 (1979)).  "In addition, a state has a vital

interest in protecting 'the authority of the judicial system, so that its orders and judgments are

not rendered nugatory.'"  Id. (quoting Juidice v. Vail, 430 U.S. 327, 336 n. 12, 97 S.Ct. 1211, 51

L.Ed.2d 376 (1977)).  "This is a particularly appropriate admonition in the field of domestic

relations, over which federal courts have no general jurisdiction and in which the state courts

have a special expertise and experience."  Id. (Ankenbrandt v. Richards, 504 U.S. 689, 697-701,

112 S.Ct. 2206, 119 L.Ed.2d 468 (1992) and Hisquierdo v. Hisquierdo, 439 U.S. 572, 581, 99

S.Ct. 802, 59 L.Ed.2d 1 (1979)).

Moreover, plaintiff has an adequate state forum in which to pursue her due process

concerns.  Defendants point out that Stevens had the ability to present issues about the alleged

false statements with the state courts and to move to set aside the juvenile court's orders (Cal.

Welfare & Inst. Code § 388).  And, they point out that she may appeal through the state courts

after final judgment (Cal. Welfare & Inst. Code § 395).  The complaint itself indicates that

plaintiff has already pursued at least one state court action to correct the alleged inequities

1    caused by Nkwo-Okere's purported misrepresentations.  And, as discussed above, plaintiff says

2    that she is pursuing an appeal of the juvenile court's decisions.

3            Accordingly, the court concludes that <u>Younger</u> abstention is appropriate here.  The

4    County defendants' motion to dismiss is granted.

5            SO ORDERED.

6    Dated: August 27, 2013

7    _____

8    HOWARD R. LLOYD
     UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

5

1   5:13-cv-01974-HRL Notice has been electronically mailed to:

2   Bryan Leland Patrick Saalfeld      bsaalfeld@mpbf.com, akey@mpbf.com,
    hwatkins@mpbf.com, jgirarde@mpbf.com, jmurphy@mpbf.com, landerson@mpbf.com
3
    Melissa R. Kiniyalocts      melissa.kiniyalocts@cco.co.scl.ca.us,
4   marylou.gonzales@cco.sccgov.org

5

6   5:13-cv-01974-HRL Notice sent by U.S. Mail to:

7   Francine Stevens
    80 S. Market Street
8   San Jose, CA 95113

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

6