*E-FILED: August 27, 2013*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| FRANCINE STEVENS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANTHONY NKWO-OKERE; MARLA JOHANNING; JOANNE HUE; ARLEEN ROZUL; RACHEL FIGHTMASTER,<br><br>　　　　Defendants. | No. C13-01974 HRL<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS; AND (2) DENYING PLAINTIFF'S MOTION TO STAY**<br><br>[Re: Docket Nos. 10, 24] |

　　　　Pro se plaintiff Francine Stevens filed this civil rights action arising from ongoing state court child-dependency proceedings involving her children. Although plaintiff's complaint lists a litany of statutes,[1] the only ostensible basis for her claims as to the named defendants is 42 U.S.C. § 1983. Defendant Rachel Fightmaster, the court-appointed legal representative of plaintiff's minor children in the underlying proceeding, is an attorney with the Law Foundation of Silicon Valley (Law Foundation), in its LACY (Legal Advocates for Children & Youth) program. According to Fightmaster, the Law Foundation is a non-governmental, non-profit

---

[1] For instance, Stevens lists various sections of the California and federal criminal codes for which there is no private right of action. Additionally, she lists claims under 28 U.S.C. §§ 1346(b), 2680(a), and 2680(h), all of which concern claims or bases for immunity for federal employees. The complaint also references section 7206 of the United States Internal Revenue Code, which has no relevance whatsoever to plaintiff's allegations. Moreover, none of the named defendants is a federal employee. And, while plaintiff made a handwritten notation adding the United States to the caption of her in forma pauperis application, there is nothing in the record indicating that the federal government or any federal officer or employee had anything to do with the complained-of conduct.

organization that contracts directly with Santa Clara County, and LACY provides legal representation to dependent children in proceedings before the Santa Clara County Juvenile Court.

Pursuant to Fed. R. Civ. P. 12(b)(6), Fightmaster now moves to dismiss the complaint, arguing that plaintiff's suit is barred by the Noerr-Pennington doctrine. Alternatively, Fightmaster requests an order requiring Stevens to provide a more definite statement pursuant to Fed. R. Civ. P. 12(e). Over a week after the August 5 filing deadline, Stevens filed an opposition and motion for an "order of stay." Although Stevens is representing herself, that does not excuse her from making timely filings, and she is warned against future non-compliance with rules that all litigants are obliged to follow. The court nevertheless has considered all of the papers, including plaintiff's tardy submission, and the arguments presented at oral argument. For the reasons discussed below, defendant's motion to dismiss is granted in part and denied in part.[2]

## LEGAL STANDARD

**Fed. R. Civ. P. 12(b)(6)b**

A motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) tests the legal sufficiency of the claims in the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal is appropriate where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory. Id. (citing Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990)). In such a motion, all material allegations in the complaint must be taken as true and construed in the light most favorable to the claimant. Id. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Moreover, "the court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." Clegg v. Cult Awareness Network, 18 F.3d 752, 754-55 (9th Cir. 1994).

---

[2] All parties have expressly consented that all proceedings in this matter may be heard and finally adjudicated by the undersigned. 28 U.S.C. § 636(c); FED. R. CIV. P. 73.

2

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." This means that the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (citations omitted) However, only plausible claims for relief will survive a motion to dismiss. Iqbal, 129 S.Ct. at 1950. A claim is plausible if its factual content permits the court to draw a reasonable inference that the defendant is liable for the alleged misconduct. Id. A plaintiff does not have to provide detailed facts, but the pleading must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. at 1949.

Documents appended to the complaint or which properly are the subject of judicial notice may be considered along with the complaint when deciding a Fed. R. Civ. P. 12(b)(6) motion.[3] See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1990); MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).

**Fed. R. Civ. P. 12(e)**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." FED. R. CIV. P. 12(e). Generally, a more definite statement is required "only when the pleading is so vague or ambiguous that the opposing party cannot respond, even with a simple denial, in good faith or without prejudice to himself." Margarita Cellars v. Pacific Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999) (internal quotations and citations omitted).

---

[3] Fightmaster requests that the court take judicial notice of several documents from the underlying state court matter, apparently for the purpose of establishing her involvement in that case. Plaintiff argues that, in doing so, defendant has violated confidentiality rules pertaining to juvenile court proceedings. Inasmuch as there is no dispute about Fightmaster's role in the child dependency case, the court finds it unnecessary to take judicial notice of those papers. Nevertheless, the court takes judicial notice of Fightmaster's Exhibit G (a printout from the Law Foundation's website) as to the nature of the organization and the services it provides.

## DISCUSSION

In her opposition papers, Stevens requests that this action be stayed. She apparently bases that request upon the Federal Tort Claims Act (FTCA), which governs civil actions against the United States for tortious conduct by a federal employee. As noted above, there is absolutely no basis for application of the FTCA in this action. Plaintiff's request for a stay is denied.

The complaint is not the model of clarity. As to the moving defendant, the only thing that the court is able to glean from the complaint's allegations is that Fightmaster allegedly made "false statements" on a March 28, 2012 report in the course of the underlying child-dependency proceedings. Plaintiff claims that the (unidentified) "false statements" prolonged the child reunification process in violation of her Fourteenth Amendment rights. Fightmaster contends that plaintiff's suit is barred by the Noerr-Pennington doctrine.

"The Noerr-Pennington doctrine is rooted in the Petition Clause of the First Amendment, which provides that 'those who petition any department of the government for redress are generally immune from statutory liability for their petitioning conduct.'" Feld Entertainment, Inc. v. Am. Society for the Prevention of Cruelty to Animals, 873 F. Supp.2d 288, 306 (D.D.C. 2012) (quoting Sosa v. DIRECTV, Inc., 437 F.3d 923, 929 (9th Cir. 2006)). The doctrine "immunizes petitions directed at any branch of government, including the executive, legislative, judicial and administrative agencies." Manistee Town Ctr. v. City of Glendale, 227 F.3d 1090, 1092 (9th Cir. 2000). The Ninth Circuit has "held that Noerr-Pennington immunity applies to claims under 42 U.S.C. § 1983 that are based on the petitioning of public authorities." Id. See also Empress LLC v. City & Cnty. of San Francisco, 419 F.3d 1052, 1056 (9th Cir. 2005) ("Although the Noerr-Pennington doctrine originally immunized individuals and entities from antitrust liability, Noerr-Pennington immunity now applies to claims under § 1983 that are based on the petitioning of public authorities.").

Here, all indications are that plaintiff's claims against Fightmaster arise from Fightmaster's representation of plaintiff's minor children in the underlying juvenile dependency matter. But, while Noerr-Pennington immunity is broad, it is not limitless. The immunity

4

"applies only to what may fairly be described as *petitions*, not to litigation conduct generally." Freeman v. Lasky, Haas & Cohler, 410 F.3d 1180, 1184 (9th Cir. 2005). Additionally, "'[s]ham' petitions don't fall within the protection of the doctrine." Id. at 1183-84. See also Feld Entertainment, Inc., 873 F. Supp.2d at 307 ("Neither the *Noerr–Pennington* doctrine nor the First Amendment more generally protects petitions predicated on fraud or deliberate misrepresentation.") (citation omitted). Thus, if the alleged wrongful conduct "consists of making intentional misrepresentations to the court, litigation can be deemed a sham if a party's knowing fraud upon, or its intentional misrepresentations to, the court deprive the litigation of its legitimacy." Freeman, 410 F.3d at 1184 (citations omitted). As noted above, Stevens says that Fightmaster made "false statements" in a report. Nevertheless, plaintiff's allegations are highly conclusory and exceedingly vague. Without more, the court is unable to properly evaluate whether Noerr-Pennington immunity might apply.

Accordingly, Fightmaster's Fed. R. Civ. P. 12(b)(6) motion to dismiss based on the Noerr-Pennington doctrine is denied, and her alternate Fed. R. Civ. P. 12(e) motion for a more definite statement is granted. **No later than September 27, 2013**, plaintiff shall file a First Amended Complaint, providing specific information as to what she claims Fightmaster did that was wrong, and to whom her report was given, i.e., was it submitted to the state court in the underlying child dependency case? The court's ruling is without prejudice to Fightmaster to renew a motion based on the Noerr-Pennington doctrine, if appropriate, following the filing of plaintiff's amended pleading.

Plaintiff is advised that her amended pleading is limited to those claims pled in the complaint and consistent with the rulings above. Plaintiff may not assert new or different claims for relief or add new parties unless she makes an appropriate application pursuant to Fed. R. Civ. P. 15. Failure to comply with this order may result in sanctions.

Further, plaintiff is encouraged to contact the Federal Legal Assistance Self-Help Center (FLASH), located on the second floor of the Federal Courthouse in San Jose. Appointments with FLASH may be made by signing up at the Center or by calling 408-297-1480.

5

ORDER

Based on the foregoing, Fightmaster's Fed. R. Civ. P. 12(b)(6) motion to dismiss is granted in part and denied in part. Plaintiff's amended complaint must be filed no later than September 27, 2013.

SO ORDERED.

Dated: August 27, 2013



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

5:13-cv-01974-HRL Notice has been electronically mailed to:

Bryan Leland Patrick Saalfeld     bsaalfeld@mpbf.com, akey@mpbf.com, hwatkins@mpbf.com, jgirarde@mpbf.com, jmurphy@mpbf.com, landerson@mpbf.com

Melissa R. Kiniyalocts     melissa.kiniyalocts@cco.co.scl.ca.us, marylou.gonzales@cco.sccgov.org

5:13-cv-01974-HRL Notice sent by U.S. Mail to:

Francine Stevens
80 S. Market Street
San Jose, CA 95113